# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES GRAHAM a/k/a <br> CHARLES STEVENSON, et al., <br><br> **Plaintiffs** <br><br> v. <br><br> TONY C. PARKER, et al., <br><br> **Defendants** | NO. 3-16-cv-01954 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Class Certification (Doc. No. 14). They challenge whether the State of Tennessee's policies and procedures for inmates with Hepatitis C satisfies constitutional standards. For the reasons stated herein, Plaintiffs' Motion is GRANTED.

## INTRODUCTION

Plaintiffs Charles Graham and Russell Davis are inmates in facilities operated by the Tennessee Department of Corrections ("TDOC"). Both Graham and Davis have been diagnosed with the Hepatitis C virus. The Class Action Complaint (Doc. No. 1) alleges that Hepatitis C is a viral infection that causes liver inflammation that may lead to a host of medical complications and sometimes death.

Graham and Davis brought this action, on behalf of themselves and others similarly situated, against Tony Parker, TDOC Commissioner, Dr. Marina Cadreche, TDOC Assistant Commissioner of Rehabilitative Services, and Dr. Kenneth Williams, TDOC Medical Director. They allege ongoing violations of their Eighth and Fourteenth Amendment rights by Defendants' deliberate indifference to their medical needs and to the medical needs of all inmates infected with the Hepatitis C virus.

Plaintiffs take issue with Defendants' practices and procedures for addressing inmates with the Hepatitis C virus.

Plaintiffs seek to enjoin Defendants' current practices and procedures related to the diagnosis and treatment of inmates with Hepatitis C and to have the Court order Defendants to develop and implement a plan to eliminate the substantial risk of serious harm to inmates with Hepatitis C in accordance with the community standards of care and the advice of medical experts. Plaintiffs contend that Defendants' current written policies for Hepatitis C diagnosis, assessment and treatment "utilize outdated standards of care and normalize the practice of refusing treatment for unjust and medically unsound reasons." (Doc. No. 1 at 4.) In addition, Plaintiffs allege that Defendants' unwritten policies, customs and actual practices in diagnosing and treating Hepatitis C "fall short even of the outdated and unreasonable written protocols." (Id.)

For example, Plaintiffs argue that the HCV (Hepatitis C Virus) Guidance Panel[1] has definitively established a 12-week treatment regimen with the use of direct-acting anti-viral drugs ("DAAs") as the medically accepted standard of care for Hepatitis C and that Defendants fail to follow the HCV Guidance Panel's recommendations and have intentionally omitted DAA treatment from their Protocol and other policies.

Defendants argue that their policies concerning Hepatitis C are constitutional. They claim that TDOC has set forth a detailed procedure for the screening and treatment of Hepatitis C[2] and

---

[1] The HVC Guidance Panel is an organization formed by the American Association for the Study of Liver Disease ("AASLD") and the Infectious Disease Society of America ("IDSA") in order to guide medical professionals in the world of Hepatitis C treatment.

[2] TDOC's Chronic HCV Guidance: Recommendations for Testing, Managing, and Treating Hepatitis C ("the Protocol") is attached to the Class Action Complaint as Exhibit A (Doc. No. 1-1). The 24-page document indicates it was updated on January 1, 2016. Exhibit C to

follows the Federal Bureau of Prisons' protocol for Hepatitis C treatment. Defendants maintain that not everyone with Hepatitis C requires treatment with medication and that the cost of DAAs is approximately $55,000 to $75,000 per patient. (Doc. No. 20 at 5.)

CLASS CERTIFICATION

Plaintiffs ask that the Court certify a class of inmates who have been diagnosed with Hepatitis C, defined as follows:

> All persons currently incarcerated in any facility under the supervision or control of the Tennessee Department of Corrections or persons incarcerated in a public or privately owned facility for whom the Tennessee Department of Corrections has ultimate responsibility for their medical care and who have at least 12 weeks or more remaining to serve on their sentences and are either currently diagnosed with Hepatitis C infection or are determined to have Hepatitis C after an appropriate screening test has been administered by the Department of Corrections.[3]

In order to certify a class, the Court must be satisfied that Plaintiffs have met the requirements of both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). Castillo v. Envoy Corp., 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002). The decision

---

the Class Action Complaint is a 32-page TDOC document entitled "Management of Chronic Hepatitis C Virus," dated May 20, 2016. (Doc. No. 1-3.)

[3] Excluded from this class are Defendants and any members of their immediate families.

whether to certify a class, committed to the sound discretion of the district judge, turns on the particular facts and circumstances of each individual case. Ballan v. Upjohn Co., 159 F.R.D. 473, 479 (W.D. Mich. 1994). The parties seeking class certification bear the burden of showing that the requirements for class certification are met. Bridging Communities Inc. v. Top Flite Financial Inc., 843 F.3d 1119, 1124 (6th Cir. 2016).

Class Definition

In Young v. Nationwide Ins. Co., 693 F.3d 532 (6th Cir. 2012), the Sixth Circuit held that before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. Id. at 537-38. The court stated that although the text of Rule 23(a) is silent on the matter, a class must not only exist, but also the class must be susceptible of precise definition. There can be no class action if the proposed class is "amorphous" or "imprecise." Id.

Defendants argue that Plaintiffs' proposed class definition is not sufficiently definite. Defendants state that because the "fluidity" of the class (all current inmates), determination of who belongs in the class would require individualized, continuous calculation. Defendants overlook that Plaintiffs are seeking injunctive relief only. That injunctive relief, if obtained, would affect all current and future inmates with Hepatitis C, with no need to make individualized determinations.

Moreover, the Court notes that class certification of this action, especially if the class is "fluid," will insure against the danger of the action becoming moot. See, e.g., Reynolds v. Giuliani, 118 F.Supp.2d 352 at 391-92 (S.D. N.Y. 2000) (involved a fluid class where claims of named plaintiffs could become moot prior to completion of the litigation).

4

Numerosity

To satisfy the numerosity requirement, Plaintiffs must show that the numerosity of injured persons makes joinder of all class members impracticable. FED. R. CIV. P. 23(a)(1); Russo v. CVS Pharmacy, Inc., 201 F.R.D. 291, 294 (D. Conn. 2001). Impracticable does not mean impossible, but simply difficult or inconvenient. Id. While there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement. In re Polyurethane Foam Antitrust Litigation, 314 F.R.D. 226, 237 (N.D. Ohio 2014) (citing Daffin v. Ford Motor Co., 458 F.3d 549, 552 (6th Cir. 2006)).

The Class Action Complaint alleges that in March 2016, TDOC placed the number of its inmates testing positive for Hepatitis C at 3,487, or nearly one in six prisoners. Plaintiffs contend that the number is even higher, given the lack of routine testing and inaccurate testing.

Plaintiffs allege that the proposed class satisfies the numerosity requirement because joinder of this large number of members is impracticable. Plaintiffs also note the geographic diversity of those members, in facilities all across the State of Tennessee. In addition, Plaintiffs contend that individual members would likely not be able to bring individual lawsuits.

Defendants argue that inmates could bring their own individual lawsuits. Even though the proposed class members *could* bring individualized actions, the Court finds that a class action is a much better vehicle for more than 3000 inmates to seek to obtain class-wide injunctive relief, saving judicial resources and avoiding inconsistent judgments. Plaintiffs have sufficiently met the numerosity requirement.

Commonality

The second requirement for class certification is that there be questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). To demonstrate commonality, Plaintiffs must show

5

that class members have suffered the same injury. Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011). Their claims must depend upon a common contention of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. Id. What matters to the commonality requirement of class certification is the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Id.; see also Davis v. Cintas Corp., 717 F.3d 476, 485 (6th Cir. 2013) (same).

Plaintiffs submit that the central and common legal question at issue in this case is whether the failure to diagnose and treat Hepatitis C in inmates with the most recent and generally accepted standards of treatment violates the Eighth Amendment. Plaintiffs contend that the central and common factual question at issue here is whether TDOC's treatment protocols and policies adequately screen for, diagnose and treat inmates with Hepatitis C. Plaintiffs allege that questions regarding the appropriate standard of care for treating Hepatitis C would apply to all class members and resolution of these issues would involve facts common to all members of the class.

Defendants argue that commonality is not met because each individual plaintiff's claim depends upon the individual merits of his own case. If Plaintiffs were asking for money damages, then individualized analysis might be required. Here, however, Plaintiffs are not seeking money damages for their particular injuries. Plaintiffs' proposed class is every inmate who has contracted Hepatitis C. It is the official policies and practices applicable to all inmates with Hepatitis C which Plaintiffs allege are unconstitutional.

Defendants assert that Plaintiffs have failed to state a claim as to the constitutionality of Defendants' protocols, but that is a merits issue. Whether the Class Action Complaint has

sufficiently alleged a claim is not before the Court on this motion. The cases Defendants cite on this point involve motions to dismiss, not motions to certify a class.

Defendants also argue the merits of whether persons with Hepatitis C actually need certain treatments,[4] but that also is not the issue presented on this motion. The cases Defendants cite relate to summary judgment motions and/or cases in which the courts were reaching the merits of the plaintiffs' claims - whether the defendants were deliberately indifferent to an inmate's particular medical needs and whether certain treatments were warranted. Plaintiffs here are not challenging individual courses of treatment; they are challenging Defendants' official protocols and system-wide practices for Hepatitis C diagnosis and treatment, as they are alleged in the Class Action Complaint. (Doc. No. 1 at 5-8.) Plaintiffs are not simply disagreeing with a doctor's course of treatment for a particular person. They are attacking TDOC's state-wide policies and procedures applicable to all inmates with Hepatitis C.

An action seeking injunctive relief, by its nature, presents common questions of law and/or fact. Scott v. Clarke, 61 F. Supp. 3d 569, 585 (E.D. Va. 2014). In order to obtain the injunctive relief sought, Plaintiffs will have to show that Defendants' practices and procedures related to *all* inmates who have Hepatitis C are unconstitutional and that Defendants' practices and procedures for *all* inmates with Hepatitis C should be revised. Plaintiffs contend that Defendants' current protocols and the failure to diagnose and treat Hepatitis C with the most recent and generally

---

[4] For example, Defendants argue that medication is not always required for the treatment of Hepatitis C and that Hepatitis C does not require treatment in all cases. Those issues are merits issues, not issues for determining class certification.

7

accepted community standards of treatment violate the U.S. Constitution. This question can be resolved with respect to all class members at the same time.

For these reasons, the Court finds that questions of fact and law are common to all class members. The requirement of commonality has been met.

Typicality

In order to meet the requirements of Rule 23(a)(3), the claims of the representative party must be typical of the claims of the class. In other words, there must be a nexus between the class representative's claims or defenses and the common questions of law or fact which unite the class. Wilson v. Gordon, 2014 WL 4347585, at * 3 (M.D. Tenn. Sept. 2, 2014). A plaintiff's claim is typical if it arises from the same event, practice, or course of action that gives rise to the claims of other class members or if it is based on the same legal theory. Ross v. Abercrombie & Fitch Co., 257 F.R.D. 435, 443 (S.D. Ohio 2009). The commonality and typicality requirements are closely related because they both help determine whether the claims of the named plaintiffs and those of the class are so interrelated that the interests of the absent class members will be protected. Id. at 444.

Plaintiffs argue that their claims are typical of - indeed identical to - the claims of the class because all claims involve the constitutionality of TDOC's treatment protocols, policies and practices regarding Hepatitis C and because if Plaintiffs succeed in obtaining injunctive and declaratory relief for themselves, the claims of all class members will also succeed and the class members will all benefit from the same injunctive and declaratory relief.

Defendants, on the other hand, argue that typicality cannot be met because each individual class member's claim depends on the individual merits of his own case. As explained above, however, Plaintiffs are alleging a TDOC-wide constitutional challenge and seeking TDOC-wide

8

declaratory and injunctive relief. Plaintiffs' claims are typical of the claims of the class because they are seeking declaratory, injunctive, class-wide relief only that may benefit the entire class.

Adequacy

In order to show adequacy, the class representative must be part of the class and possess the same interest and suffer the same injury as the class members. Young, 693 F.3d at 543. In other words, the named plaintiffs must have common interests with unnamed members of the class and must be able to rigorously prosecute the interests of the class through qualified counsel. Id.

Defendants do not appear to dispute that the named Plaintiffs would vigorously prosecute the interests of the class through qualified counsel, and the Court finds no reason to believe they would not. In addition, as explained above, Plaintiffs, being inmates with Hepatitis C, share common interests with the potential class members, regardless of any differences in the stages of their illnesses. Plaintiffs are seeking to change all policies for all inmates with Hepatitis C, and the injunctive relief they seek, if obtained, would benefit all such inmates.

Rule 23(b)(1)

If Plaintiffs satisfy the requirements of Rule 23(a), the Court must then determine whether their action falls within one of the categories of Rule 23(b). Rule 23(b)(1) provides that a class action may be maintained if Rule 23(a) is satisfied and prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the parties opposing class certification. FED. R. CIV.P. 23(b)(1)(A). Rule 23(b)(1) covers cases in which separate actions by individual class members would risk establishing incompatible standards of conduct for the party opposing a class. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997).

9

A class action is appropriate under Rule 23(b)(1)(A) when the party is obligated by law to treat the members of the class alike. Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan, 654 F.3d 618, 633 (6th Cir. 2011). Certification is not appropriate simply because some plaintiffs may be successful in their suits while others may not, but instead requires that adjudications in separate suits would impair the defendant's ability to pursue a uniform course of conduct. Spurlock v. Fox, 2012 WL 1461361, at * 3 (M.D. Tenn. April 27, 2012) (citing Pipefitters and Amchem). For example, courts have certified 23(b)(1)(A) classes in equal protection cases where the government agency's course of conduct must be consistent as to all class members. Id. (citing cases).

Plaintiffs maintain that the claims of class members in this action arise from a system of medical treatment that is applied to all TDOC inmates, and having separate lawsuits on the same issue would pose the very real risk of establishing varying standards of diagnosis, assessment and treatment for TDOC inmates.

Defendants raise the same issue as described above, that each class member's claim is grounded in its own individual facts and, therefore, Rule 23(b)(1) does not apply. That argument is not persuasive when the relief sought is class-wide injunctive and declaratory relief.

Certainly if different courts in Tennessee ruled separately on the constitutionality of Defendants' state-wide protocols, procedures and policies dealing with Hepatitis C, Defendants could be subject to inconsistent judgments that would create unmanageable and conflicting standards within this state. This subsection of the Rule is generally satisfied in the event that inconsistent judgments in separate suits would trap the party opposing the class in the inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another. Jones

v. American Gen. Life and Acc. Ins. Co., 213 F.R.D. 689, 697 (S.D. Ga. 2002); see also Amchem, Pipefitters and Spurlock, cited above. The Court finds that the requirements of Rule 23(b)(1) are met.

Rule 23(b)(2)

Rule 23(b)(2) authorizes a class action if Rule 23(a) is satisfied and the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. FED. R. CIV. P. 23(b)(2). Rule 23(b)(2) has been liberally applied in the area of civil rights, including suits challenging conditions and practices at various detention facilities. Bumgarner v. NCDOC, 276 F.R.D. 452, 457-58 (E.D. N.C. 2011). The essential consideration is whether the complaint alleges that the plaintiffs have been injured by defendants' conduct which is based on policies and practices applicable to the entire class. Id.

Plaintiffs allege that they satisfy the requirement of Rule 23(b)(2) because injunctive and declaratory relief would provide relief to all class members. The requirements of Rule 23(b)(2) are almost automatically satisfied in actions primarily seeking injunctive relief. Williams v. City of Philadelphia, 270 F.R.D. 208, 222 (E.D. Pa. 2010). Plaintiffs here challenge policies and practices through which Defendants have acted or refused to act on grounds that apply generally to all inmates with Hepatitis C, and final injunctive relief would apply to the class as a whole.

Defendants argue that Rule 23(b)(2) does not apply in this case because each individual class member would be entitled to *different* declaratory or injunctive relief to redress individual injuries. Again, Plaintiffs are not seeking redress for individual injuries. (Doc. No. 1 at 12-13.) They are

11

seeking declaratory and injunctive relief for all inmates in TDOC facilities who have Hepatitis C. (Id.)

The requirements of Rule 23(b)(2) are satisfied when (1) the class as a whole is generally affected by an act or refusal to act or policy of the opposing party and the primary relief sought is in the nature of injunctive relief. Ledford ex. rel. Epperson v. Colbert, 2012 WL 1207211, at * 6 (S.D. Ohio April 11, 2012) (citing Hiatt v. County of Adams, 155 F.R.D. 605, 610 (S.D. Ohio 1994)). Plaintiffs have shown that TDOC has acted or refused to act on grounds that apply generally to the class of inmates with Hepatitis C, and Plaintiffs seek only final declaratory and injunctive relief that would apply to the class as a whole. Therefore, Plaintiffs have satisfied the requirements of Rule 23(b)(2).

## CONCLUSION

Plaintiffs satisfy Rule 23, and class certification should be granted. For these reasons, Plaintiffs' Motion for Class Certification (Doc. No. 14) is **GRANTED**. An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE