UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES GRAHAM, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:16-cv-01954 |
| TONY C. PARKER, *et al.*, | ) Chief Judge Crenshaw |
| | ) Magistrate Judge Brown |
| Defendants. | ) |

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS
## UNDER RULE 37(B)(2)

A hearing was held on July 2, 2018 on Plaintiffs' Motion for Sanctions Under Rule 37(B)(2). (D.E. 68.) The Court heard argument from counsel for Plaintiffs and Defendants and testimony from Dr. Kenneth Williams (the Medical Director for the Tennessee Department of Correction (TDOC)), and heard the agreements reached by counsel for the parties in some respects regarding certain issues. Based on the foregoing, Court finds as follows:

On May 7, 2018, the Court issued an order that, in relevant part, stated:

> The parties have had fruitful discussion about some missing minutes. The State should provide Plaintiffs with a formal response indicating that they have made a diligent search for the minutes and other documents in question, and to the extent the documents are not available, provide an explanation such as no meeting was actually held or that after a diligent search the minutes cannot be located.

On June 25, 2018, Defendants filed the Declaration of Dr. Kenneth Williams purporting to address the Court's order regarding the alleged "missing minutes" of the Tennessee Department of Corrections Advisory Committee on HIV and Hepatitis C ("TACHH") meetings. (D.E. 67.) The Declaration did not reference meetings of the TACHH after February 21, 2018.

On June 26, 2018, Plaintiffs filed the instant Motion for Sanctions (D.E. 68) with a supporting Memorandum (D.E. 69). On June 28, 2018, the Court entered an Order stating, inter alia, that Dr. Williams' Declaration was "not in compliance" with the Court's May 7, 2018 Order, setting a hearing on the motion for July 2, 2018, and directing a witness from TDOC to testify about when TACHH meetings occurred and "whether minutes for the meetings have been produced or cannot be produced." (D.E. 70.)

On June 28, 2018, Defendants made a supplemental production to Plaintiffs containing approximately 6,600 pages of records and eight Excel spreadsheets. As described below, Defendants have represented that those records included, *inter alia*, meeting minutes for TACHH meetings in March, April, May, and June 2018. On June 29, 2018, Plaintiffs filed a Supplement concerning the Motion for Sanctions (D.E. 73) concerning the documents produced by Defendants on June 28, 2018.

Dr. Williams testified at the July 2, 2018 hearing that, prior to February 21, 2018, the TACHH had met only on the dates listed in paragraph 5 of his Declaration (*see* D.E. 67), for which Defendants already had produced all corresponding minutes as of the date of his Declaration – *i.e.*, that as of the date of his Declaration there were no minutes missing relative to that time frame. Aside from the "missing minutes" matter, Dr. Williams also testified that the TACHH met on March 28, 2018, April 11, 2018, April 25, 2018, May 2, 2018, May 16, 2018, and June 20, 2018, although these dates were not referenced in his Declaration. Dr. Williams testified that the Defendants have now produced all TACHH minutes from meetings that have occurred from 2015 through June 20, 2018. Dr. Williams confirmed that the TACHH did not meet, and therefore no minutes were created, for months for which minutes have not been produced. Defendants acknowledge that the TACHH did not meet in the months of January

2

2015 through July 2015, September 2015 through April 2016, and June and October 2016. Dr. Williams testified that from time to time the TACHH meetings have been rescheduled and he confirmed that the TACHH also did not meet on February 8, 2017, March 29, 2017, or April 28, 2017, even though TACHH minutes contain references to those dates. As an exhibit, Dr. Williams submitted a chart containing the foregoing information about when the TACHH meetings occurred.[1]

With regard to the June 28, 2018 production, Defendants represented that the Production included (a) TACHH minutes produced for meetings dated March 28, 2018; April 11, 2018; April 25, 2018; May 2, 2018; May 16, 2018 and June 20, 2018, and (b) medical records, forms and diagnostic records containing information relating to the data presented to the TACHH for inmates at TACHH meetings (the "TACHH Medical Records") held in 2016, 2017 and 2018. With regard to the TACHH minutes disclosed in the Production, the parties agree that Defendants will be allowed to make references to the number of inmates considered for treatment with direct-acting antiviral agents ("DAAs"), the number of inmates authorized for treatment and any treatment with DAAs so authorized in their response to Plaintiffs' Motion for Summary Judgment and any associated oral argument. Defendants have represented that the TACHH meetings took place on March 28, 2018 and April 11, 2018, but that no minutes in Word format exist for those meetings. Instead, Defendants rely upon and have produced Excel spreadsheets with the notations contained therein for those meeting dates. With respect to those two spreadsheets, Dr. Williams testified that all inmates approved for treatment are marked with green highlight. Plaintiffs will be allowed to supplement their Motion for Summary Judgment

---

[1] Defense counsel made a handwritten notation on the exhibit to clarify one date before it was entered.

with updated information from the TACHH minutes on or before July 13, 2018. Notwithstanding this supplementation, Defendants' deadline to respond to Plaintiffs' original Rule 56 motion (filed on June 29, 2018) shall remain the same.

Except as set forth in the preceding paragraph with respect to the number of inmates considered and authorized for treatment in the meeting minutes, Defendants shall not otherwise rely upon or introduce any documents from the TACHH Medical Records Production for purposes of responding to Plaintiffs' Motion for Summary Judgment (whether in writing or orally). The issue was not before the Court and the Court expresses no opinion on whether the parties may make use of or reference the documents produced by Defendants after the close of business on June 28, 2018 in pre-trial motions or at trial. Plaintiffs have not had the opportunity to review those records in depth or to depose any witnesses concerning them, nor did they have a meaningful opportunity yet to file a motion for sanctions with respect to them. Accordingly, after reviewing those records, Plaintiffs may, if they believe it is warranted, file a motion for relief concerning those records.

Defendants represented to Plaintiffs that Defendants had not produced TACHH Medical Records for approximately twenty additional inmates and were in the process of locating those documents. Defendants represented that approximately eight of those inmates related to calendar year 2015. Plaintiffs agreed that Defendants do not need to locate and produce these documents relative to calendar year 2015 at this time. However, Defendants agreed to search for and produce the remaining TACHH Medical Records for inmates relative to TACHH meetings in 2016, 2017 and 2018, or a statement that such records do not exist, as soon as practicable and by no later than August 31, 2018.

Relative to forthcoming TACHH meetings, Defendants also have agreed to produce, on an ongoing basis, TACHH minutes, agendas, associated TACHH Medical Records, and all other documents that the TACHH reviews, within fourteen (14) days of the date of any future meeting. Defendants will notify Plaintiffs if there is any problem meeting this fourteen (14) day production deadline.

This Order addresses Plaintiffs' Motion for Sanctions (D.E. 68), with the following exception.[2] Plaintiffs shall withdraw, **without prejudice and with leave to refile, including after trial**, the request in their Motion for Sanctions (D.E. 68) asking for an award of attorneys' fees associated with bringing the motion. The Court reserves judgment on whether fee shifting is warranted under the circumstances until such time as the motion is refiled, if at all.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[2] The Court understands that the Plaintiffs do not agree that sanctions or awards of attorneys' fees are not justified at a renewed motion.