UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CHARLES GRAHAM; *et al.*,           )
                                    )
         Plaintiffs                 )
                                    )    No. 3:16-1954
v.                                  )    Chief Judge Crenshaw/Brown
                                    )
RUSSELL L. DAVIS, *et al.*,         )
                                    )
         Defendants                 )

## **O R D E R**

A hearing was held in this matter on December 10, 2018, concerning the State's objection to the undersigned Magistrate Judge's original Report and Recommendation in this matter (Docket Entry 131)[1]. Pursuant to the Court's directive (Docket Entry 143), I have reconsidered the original Report and Recommendation and heard additional argument from counsel. I respectfully adhere to my original Report and Recommendation/decision that the two statements in question be stricken. The Defendants, in their original responses (Docket Entry 117, Page ID 1610) stated "Thus, even if Dr. Williams had not made the contested statements in his declaration, the Court could not properly assume at this stage of the proceedings that patients who have been approved by the TACHH for administration of DAAs do not receive that administration".

Subsequent pleadings filed by the State objecting to the Report and Recommendation have included a new declaration from Dr. Williams (Docket Entry 138-1) which substantially undercuts this statement (Paragraph 7, Page ID 1751).

---

[1] In their motion, the State complained that I had inadvertently made the original decision as a Report and Recommendation. The original decision was submitted as a Report and Recommendation because the referral to me (Docket Entry 125) specifically directed me to prepare a Report and Recommendation. Regardless, the standard for review to be applied to my Report and Recommendation is for the District Judge, whether de novo or clearly erroneous and contrary to law.

> "I learned on October 30, 2018 that 36 individual patients who had been approved for administration of DAAs by the TACHH from June to September 2018 had not received administration of the medication. Other patients had not received administration due to release from the system, to need for treatment for co-infection, or refusal of consultation. Of these, the sentences of two patients had expired, and a third patient had been paroled. Any failure to expeditiously begin medications in the affected patients resulted from a temporary failure of controls by the medical provider, Centurion. I have directed Centurion to initiate orders for treatment for the 36 affected patients in the first week of November, 2018. I have instituted additional controls to assure that DAAs are timely administered in the future."

Particularly in view of this new affidavit, there is even less reason to **credit** the statement that approval for administration of DAAs is followed by actual administration.[2] In any case, it is unfortunate that this matter has become bogged down over these two statements. One way or the other, the parties need a resolution of the summary judgment motion, and if necessary, a trial on the merits.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[2] During the course of the hearing, Plaintiffs' counsel tendered for identification an affidavit from an inmate Hensley who was allegedly approved by the TACHH committee in May but who had not as of **December 7, 2018** received any information about being approved or treated. The tendering of this exhibit would not change my decision one way or the other, however, the document was provided to the State and I would trust that they would check on the circumstances of this inmate's treatment, or lack thereof, after apparent approval in May.